**Kenneth EASTIN et al., Plaintiffs-Appellants,**

v.

**CITY OF NEW ORLEANS et al., Defendants-Appellees.**

No. 72–3350

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 8, 1973.

Kenneth J. Berke, New Orleans, La., for plaintiffs-appellants.

Byron P. Legendre, Asst. Dist. Atty., Charles Foti, Jr., New Orleans, La., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

After viewing a film entitled "Deep Throat" an officer of the New Orleans Police Department made a detailed affidavit for a search warrant of the motion picture house for the purpose of seizing and confiscating the film prints as being obscene. A judge of the municipal court issued the warrant without holding a prior adversary hearing. Not only were prints of the film taken but check stubs, personnel records, and an address book were also seized. Two employees, Eastin and Brazier, arrested for contributing to the delinquency of a minor, and the owner of the theater brought suit in the district court for the return of property, for an injunction from interfering with the exhibition of the picture or other films, and for an order suppressing the use by the defendants of any material seized in any proceeding against Eastin and Brazier.

At the hearing before the district court the defendants offered to return to the plaintiffs everything seized except one print of the film which they desired to retain for use as evidence in the State court proceeding against Eastin and Brazier, for contributing to the delinquency of a juvenile and not for the purpose of confiscating the print as obscene. The district court made this tender a part of the record and, finding no bad faith harassment in connection with the State court prosecution, denied the plaintiffs injunctive relief against further proceedings in the State court. The court took under advisement the defendant's motion to dismiss. This appeal ensued.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**192**

We are convinced that the plaintiffs have failed to make any showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief. Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669.

Affirmed.